

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 6, 1957

Honorable Guilford L. Jones
District Attorney
Howard County
Big Spring, Texas

Opinion No. WW-216.

Re: Questions on Senate Bill
No. 154, concerning
adult probation officers.

Dear Mr. Jones:

You have requested our opinion as to two questions concerning the adult probation and parole law of 1957, being Senate Bill 154, Acts 55th Legislature, 1957, ch. 226, p. 466, which questions we rephrase as follows:

1. Does Senate Bill 154 amending Article 781b, Code of Criminal Procedure, repeal that portion of Article 326K-27, Vernon's Civil Statutes, which provides as follows:-

"Sec. 2. The investigator shall also serve as adult probation officer in Howard County under the direction of the District Judge of the 118th Judicial District. . . ."

Section 1 of Article 326K-27 authorized the appointment of an investigator for Howard County by the District Attorney of the 118th Judicial District.

2. Is the investigator for the District Attorney above referred to, who has served in such capacity and who has likewise served as adult probation officer since January 1, 1955, disqualified from appointment asprobation officer by Section 31 of Senate Bill No. 154?

The Adult Probation and Parole Law of 1957, Section 35, Acts 55th Legislature, 1957, ch. 226, p. 466, provides for the repeal of all laws or parts of laws in conflict therewith, and lists certain statutes and groups of statutes which are expressly repealed, among which are included:

". . . all statutes authorizing appointment of adult probation and parole officers where a probation and parole officer had not been assigned in accordance with the provisions of Chapter 452,

Acts of the 50th Legislature. /Adult Probation and Parole Law of 1947/" (Explanation added.)

Article 326K-27, Vernon's Civil Statutes, authorizes the appointment of the investigator for Howard County as adult probation officer--irrespective of the 1947 Law. We think Section 2 of Article 326K-27 is included within the above quoted portion of the "Repealing Clause" of the 1927 Act, and is repealed by the latter Act.

The general purpose of the Adult Probation and Parole Law of 1957 is to "remove from existing statutes the limitations, and questions of constitutionality, that have acted as barriers to effective systems of probations and paroles". We think the Legislature intended that this Act supersede all other provisions for probation and parole officers, and that Section 2 of Article 326K-27 is inconsistent with the 1957 Act. In particular, Section 2 of Article 326K-27 authorizes an investigator for the District Attorney of Howard County to serve as probation officer. The 1957 Act prohibits investigators for District Attorneys from serving at the same time either as a probation officer or as a parole officer. Section 31, Senate Bill 154, Acts 55th Legislature, 1957, ch. 226, p. 466; Attorney General's Opinion WW-203.

It is therefore our opinion that Section 2 of Article 326K-27 is inconsistent with the provisions of the Adult Probation and Parole Law of 1957, and is repealed by the general repealing clause of the latter Act, in addition to being repealed by the specific clause quoted above.

As we have stated above, your second question will be answered in the negative. The investigator for the District Attorney of Howard County is disqualified from serving as a probation officer while holding such position of investigator. Attorney General's Opinions WW-203 and WW-183. However, this disqualification extends only during the time the person is holding the position of investigator. If the person resigns such position, and can otherwise qualify under Section 10 of the 1957 Act, he may be appointed probation officer.

## SUMMARY

Section 2 of Article 326K-27, Vernon's Civil Statutes, is repealed by the Adult Probation and Parole Law of 1957, Acts 55th Legislature, 1957, chapter 226, page 466. An investigator for a

District Attorney may not at the same time serve as a probation officer. Attorney General's Opinion WW-203.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
John H. Minton, Jr.
Assistant

JHM:jl:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
Wallace Finfrock
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn